## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

David Earl Wattleton,                                Case No. 18-cv-3033 (DSD/LIB)

        Petitioner,

v.                                              **REPORT AND RECOMMENDATION**

David Paul,
*Warden, Federal Medical Center Rochester*,

        Respondent.

This matter comes before the undersigned United States Magistrate Judge pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, as well as, upon Petitioner David Earl Wattleton's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1].

Petitioner David Earl Wattleton "was indicted for making bomb threats, in violation of 18 U.S.C. § 844(e)" in the United States District Court for the Northern District of Georgia, "and the jury rendered an insanity verdict." <u>United States v. Wattleton</u>, 296 F.3d 1184, 1187 (11th Cir. 2002). Wattleton has since that time been civilly committed pursuant to 18 U.S.C. § 4243, and as of the filing of his Petition, he was detained at the Federal Medical Center in Rochester, Minnesota. Wattleton has submitted a Petition for a writ of habeas corpus seeking release from his detention on the grounds that the criminal proceedings by which he was found not guilty by reason of insanity were conducted unlawfully. (<u>See</u>, Petition [Docket No. 1]; Exhibits [Docket No. 1-1]).

1

That Petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

For the reasons discussed below, the undersigned recommends that Wattleton's Petition, [Docket No. 1], be **DENIED**.

An insanity verdict in federal court like the one that Wattleton sought and received is not a verdict which warrants a defendant's immediate release. Rather, "[i]f a person is found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release . . . ." 18 U.S.C. § 4243(a). The person found not guilty by reason of insanity bears the burden of proving at the initial commitment hearing that he is not a danger to others. See, 18 U.S.C. § 4243(d).

There are procedural vehicles through which a person committed under § 4243 may challenge the legality of his civil confinement.

First, "counsel for the person or his legal guardian may, at any time during such person's commitment, file with the court that ordered the commitment a motion for a hearing to determine whether the person should be discharged from such facility." 18 U.S.C. § 4247(h).

Second, under 28 U.S.C. § 2255(a):

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] The habeas petition is not brought pursuant to 28 U.S.C. § 2254, but the Rules Governing Section 2254 Cases may nevertheless be applied to Wattleton's Petition. The Court reviews the current Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. See, Rule 1(b).

2

However, as to this latter procedure, many Courts—including the Eighth Circuit Court of Appeals—have concluded that a person found not guilty only by reason of insanity can never be eligible for relief under § 2255, because such a person, even when detained pursuant to § 4243, is not challenging a "sentence" imposed in the criminal proceedings. See, Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004); United States v. Tucker, 153 Fed. App'x 173, 175 (4th Cir. 2005) (per curiam). A person found not guilty only by reason of insanity does not, after all, have a verdict of guilty to challenge. Other Courts, however, have permitted persons detained under § 4243 to bring a motion under § 2255 where those persons seek to challenge the legality of the *criminal* proceedings by which they were found not guilty by reason of insanity. Indeed, Wattleton himself was permitted to bring a motion under § 2255, which was considered and denied on the merits. See, Wattleton v. Beeler, 186 Fed. App'x 852, 852 (11th Cir. 2006); United States v. Wattleton, No. 1:99-cr-306 (TWT), 2003 WL 27380898 (N.D. Ga. Jan. 8, 2003).

Third, a person "in custody under or by color of the authority of the United States" may file a petition for a writ of habeas corpus in the district where he is confined. 28 U.S.C. § 2241(c)(1). Section 4247(g) provides that "[n]othing contained in section 4243, 4246, or 4248 precludes a person who is committed under either of such sections from establishing by writ of habeas corpus the illegality of his detention." "[H]abeas corpus is an extraordinary remedy typically available only when 'the petitioner has no other remedy,'" Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004) (quoting Taniguchi v. Schultz, 303 F.3d 950, 955 (9th Cir. 2002)), and, in most circumstances, a hearing under § 4247(h) provides an alternative remedy obviating the need for habeas corpus relief, see, Id. at 648–49. Nevertheless, the guarantee of the availability of habeas corpus relief found in § 4247(g) retains real force, see, Payen v. Jett, 610 Fed.

3

App'x 594, 596 (8th Cir. 2015) (per curiam), even if the scope of when habeas relief is available remains in some respects limited.

In the present case, Wattleton was permitted to bring a motion under § 2255 in the Northern District of Georgia challenging various aspects of the trial at which he was found not guilty by reason of insanity. That motion was denied on the merits without a suggestion either that Wattleton could not raise a challenge to the criminal proceedings or that § 2255 was an inappropriate vehicle through which to raise such claims. See, Wattleton, 2003 WL 27380898, at *1–2 (N.D. Ga. Jan. 8, 2003). Despite having previously received a ruling on the merits of his § 2255 motion—or, perhaps more accurately, because he received a ruling on those claims—Wattleton performs an about-face in the present habeas petition, claiming that § 2255 was an *inappropriate* method through which to attack the legality of the criminal proceedings at which he was found not guilty by reason of insanity. Thus, argues Wattleton, he should not previously have been permitted to challenge the legality of the criminal proceedings through the § 2255 motion in the Northern District of Georgia. And because he now asserts relief under § 2255 is (or should have been) unavailable, Wattleton continues, that provision is "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Therefore, in his present habeas petition, Wattleton asks that this Court reconsider *de novo* the claims presented in the Georgia § 2255 proceedings, declare invalid the verdict of not guilty by reason of insanity, and order his release from civil detention.

Wattleton's argument is unavailing here. For one thing, § 2255 was certainly not inadequate or ineffective *for Wattleton* to test the legality of his criminal proceedings, since Wattleton received a decision from the Northern District of Georgia on the merits of the claims he presented under § 2255. See, e.g., United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) ("[T]he § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already

been denied."). For another thing, the distinction Petitioner now seeks to draw between his prior § 2255 proceeding and the present habeas corpus is ultimately meaningless, because the Eighth Circuit has held that a petitioner "may not collaterally attack his decision to assert a successful insanity defense." Archuleta, 365 F.3d at 648 (citing Curry v. Overholser, 287 F.2d 137, 139–40 (D.C. Cir. 1960)). Section § 4247(h) provides Wattleton a procedure through which to assert that he is no longer dangerous, but Wattleton cannot, consistent with Eighth Circuit case law, challenge the result of his *criminal* proceedings.

Wattleton's current habeas petition before this Court is only focused entirely on the legality of the Northern District of Georgia criminal proceedings. Although habeas corpus relief is available in some circumstances to persons detained under § 4243, see, 18 U.S.C. § 4247(g), those persons cannot collaterally attack the validity of the verdict of not guilty by reason of insanity. See, Archuleta, 365 F.3d at 648  Accordingly, it is recommended that Wattleton's habeas petition be denied.

Two matters merit further comment:  First, it is further recommended that Wattleton's application to proceed *in forma pauperis*, [Docket No. 3], be denied, because his habeas corpus petition as is cannot be entertained. See, Kruger v. Erickson, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

Second, Wattleton has subsequent to his initial filing requested permission to amend his habeas petition to add claims alleging that he believes the Federal Bureau of Prisons has retaliated against him for filing this habeas action by encouraging another detainee to assault him. (See, Mot. to Amend Pet. [Docket No. 4]). Such a claim would relate to the *conditions* of Wattleton's confinement, not the fact or duration of his confinement, and therefore would need to be raised in a separate civil action regardless of whether this habeas matter were to go forward. See, Spencer

v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014). Accordingly, Wattleton's motion to amend his habeas petition should be denied without prejudice to his right to pursue civil relief in the future through the filing of a civil lawsuit.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner David Earl Wattleton's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED**;

2. Petitioner's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**;

3. Petitioner's Motion to Amend, [Docket No. 4], be **DENIED without prejudice** to Wattleton's right to bring the claims suggested by his motion to amend in separate civil litigation; and

4. Petitioner's Motion to Expedite, [Docket No. 5], be **DENIED as moot**.

Dated: November 29, 2018         s/Leo I. Brisbois
                                 Leo I. Brisbois
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the

6

Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).